CHARLES E. DRAPER, JR. and OLIVE D. DRAPER, his wife,

*vs.*

DOUGLAS L. MOSHIER and DORIS W. MOSHIER, his wife.

*New Castle, December 2, 1952.*

*Everett E. Borton*, for plaintiffs.

*Clarence W. Taylor*, of Hastings, Stockly & Walz, for defendants.

SEITZ, Chancellor: Plaintiffs seek a mandatory injunction to abate or discontinue the interference by defendants with a drainage ditch across defendants' land.

Plaintiffs and defendants own adjoining properties on the westerly side of the road leading from Bear to Red Lion. Some-

time between 1929 and 1932—the testimony is in conflict—plaintiffs' predecessor in title sought and procured permission from the defendants' predecessor in title to dig a ditch across a portion of defendants' property. This was done in order to drain a low portion amounting to slightly more than one acre of plaintiffs' property where the water was accustomed to lie. After the ditch was dug this area was available for the growing of crops.

The ditch remained across the portion of defendants' land from the period in question until the summer of 1951. It was a relatively inconspicuous ditch which the plaintiffs did not realize existed. In the summer of 1951 defendants, who had recently purchased the adjoining property, informed plaintiffs of the existence of the ditch and of their intention to fill up the ditch so as to grade the front of the property. Plaintiffs consented but the testimony is in dispute as to whether the consent was on condition that defendants would provide some other form of drainage. In any event, after the ditch was filled the water lay on plaintiffs' land in about the same manner as it did prior to the digging of the ditch, thereby rendering it unsuitable for growing crops.

I shall pass over the alleged deficiency in the allegations of the complaint. Also, in my view of the case, it becomes unnecessary to resolve the disputed factual matter mentioned.

Plaintiffs' attorney contends that we are here dealing with what amounts to interference with natural drainage. He says that the digging of the ditch merely "helped nature". I cannot agree. The testimony shows that the water lay indefinitely before the digging of the ditch. As defendants' counsel correctly points out, "whatever rights plaintiffs may assert must here be founded upon their right to maintain a man made ditch across defendants' land."

Plaintiffs next contend that the ditch was dug for the mutual benefit of the adjoining lands and that this is an action for specific enforcement of a mutually beneficial agreement. The difficulty with plaintiffs' contention is that the evidence just does not support it. I conclude from the evidence that the ditch was dug solely for the benefit of the property now owned by plaintiffs. Permission was voluntarily granted as a mere convenience. It thus

becomes unnecessary to consider the cases cited by plaintiffs' counsel in support of this contention.

The undisputed testimony, even of plaintiffs' witnesses, indicates that the ditch was dug with the consent of the then owner of defendants' property. So far as the evidence shows, no deed or other paper was given to evidence this consent, nor did any consideration pass. I conclude that plaintiffs' predecessor in title was merely granted a license to maintin the drainage ditch across the property now owned by defendants. In this situation I adopt what is said in 3 *Farnham on Waters and Water Rights, Sec.* 799:

> "A land owner has no right to enjoin an adjoining land owner from filling up a ditch upon his own land which the former had used to drain his land by virtue of a parol license which had not ripened into a prescriptive right."

The principle underlying the quoted rule finds support in two Delaware cases where it was decided that the oral permission to use a right of way could be revoked even though such revocation involved certain hardships. Compare *Jackson & Sharp, Co. v. Philadelphia W. & B. R. R., Co.*, 4 *Del.Ch.* 180; *Barnard v. Every Evening Printing Co.*, 9 *Del.Ch.* 127, 77 *A.* 885. There being no evidence of fraud or other inequitable conduct or consequences justifying appropriate relief, I conclude that the defendants were entitled to fill up the ditch. Plaintiffs concede that no prescriptive rights are involved. The complaint must be dismissed.

Order on notice.